[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 STATEMENT OF THE CASE
This is an appeal from the Statement of Compensation for the taking of the real property and improvements located at 82 South Water Street in New Haven. The property was taken by the City of New Haven for its educational program, specifically to operate "The Sound School," so-called.
The compensation award was set at $400,000 and this appeal ensued.
 DISCUSSION
While this court is accustomed to widely divergent appraisals in condemnations, tax appeals and foreclosures, the competing appraisals here are starthng, particularly since both appraisers purportedly relied most heavily on the income capitalization approach to value. The City's appraiser found the fair market value to be $393,000.00 and the appellant's appraiser concluded $880,000.00 is the proper figure.
The court heard testimony from the appellant that its property acquisition price was $562,000.00 in 1992. That testimony was not rebutted, but the City did show that the property owner had appealed the City's re-evaluation of 1991 and the parties had agreed to a market value settlement figure of $250,000.00.
However, this was prior to the owner embarking upon a substantial rehabilitation of the property and in 1995, the City entered into a lease for the premises. That lease contained a purchase clause whereby, subject CT Page 2046 to various agency approvals, the City would pay $560,000.00 for the property.
With this background, the court returns to the appraisals referred to above. The City's capitalization rate to arrive at its figure is 11.5%, while the owner's appraiser utilized 7.36%. Most of this difference arises from a difference of opinion as to whether this property should be credited with an appreciation factor, with the City's appraiser claiming it should not, due to the age of the buildings. The court finds merit to this contention.
Another area of disagreement between these appraisers centered around the weight accorded the existing leases. The appellant's appraiser felt these leases served to enhance the value as they had escalation clauses. One of the tenants had made a substantial investment to improve its leasehold. While retracting the statement in his appraisal that ". . . no consideration has been given to the existing lease contracts," the court finds it inequitable for these leases not to be taken at their face value as of the taking. The court accepts the owner's position as to the leases and their role in the total picture.
It should be noted with respect to the capitalization rates, that the purchase price of $560,000.00 in the 1995 lease reflected a rate of 8.6%.
Counsel for the City elicited from the owner's appraiser data concerning prior appraisals he had done using other capitalization rates. Applying an average of those rates to this property produces a value of $674,000, according to the witness. (The court's computation produces $670,601.66).
 CONCLUSION
After a careful consideration of the conflicting claims as outlined above and a thorough scrutiny of the appraisals, it is the conclusion of the court that the reasonable market value of the subject property on the date of taking was $680,000.00.
The appellant is entitled to appraisal fees in the amount of $4,357.00
Anthony V. DeMayo, J.T.R. CT Page 2047